IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION

| | | |
|---|---|---|
| Kemuel Cornelious Mingo, | ) | |
|                 Petitioner, | ) | C/A No. 9:18-cv-1333-TMC |
| | ) | |
| vs. | ) | **ORDER** |
| | ) | |
| M. Travis Bragg, | ) | |
| Warden, FCI Bennetsville, | ) | |
|                 Respondent. | ) | |
| | ) | |

The Petitioner, Kemuel Cornelious Mingo, proceeding *pro se*, brings this action pursuant to 28 U.S.C. § 2241 for habeas relief. In accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02(B) D.S.C., this matter was referred to a magistrate judge for pretrial handling. Respondent filed a motion to dismiss (ECF No. 10), and Petitioner responded (ECF No. 17). On October 4, 2018, the court ordered Respondent to file a reply brief. (ECF No. 20). Respondent replied on October 18, 2018. (ECF No. 23). Before the court is the magistrate judge's Report and Recommendation ("Report"), recommending that the Petition be dismissed without prejudice for lack of jurisdiction. (ECF No. 25). The magistrate judge alerted Petitioner of his right to file objections to the Report. *Id.* at 9. Petitioner filed a motion for an extention of time to file his objections (ECF No. 27), and the court granted the motion (ECF No. 28). However, despite the extension of time, Petitioner has failed to file any objections, and the time to do so has now run.

The Report has no presumptive weight and the responsibility to make a final determination in this matter remains with this court. *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). In the absence of objections, this court is not required to provide an explanation for adopting the Report. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). Rather, "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to

1

accept the recommendation." *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

After a careful and thorough review of the record under the appropriate standards, as set forth above, the court adopts the Report (ECF No. 17) to the extent that it recommends that the Petition be dismissed for lack of jurisdiction, and incorporates the Report herein by reference. Accordingly, for the reasons stated in the Report, the Motion to Dismiss (ECF No. 10) is **GRANTED** and the Petition is **DISMISSED without prejudice** for lack of jurisdiction.

A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A prisoner satisfies this standard by demonstrating that reasonable jurists would find both that this constitutional claims are debatable and that any dispositive procedural rulings by the district court are also debatable or wrong. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In the instant matter, the court finds that the Petitioner failed to make a "substantial showing of the denial of a constitutional right." Accordingly, the court declines to issue a certificate of appealability.

**IT IS SO ORDERED.**

s/Timothy M. Cain
United States District Judge

Anderson, South Carolina
December 26, 2018